UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GOODYEAR TIRE & RUBBER COMPANY, ET AL. | * | CIVIL ACTION |
| | * | NO. 22-4561 |
| VERSUS | | |
| | * | SECTION "M" (2) |
| CEVA LOGISTICS SINGAPORE PTE LTD, et al. | | |

## ORDER AND REASONS

Pending before me is a Motion for Leave to File Second Amended Complaint filed by Plaintiffs The Goodyear Tire & Rubber Company, Goodyear Orient Company (Private) Limited Navigators Insurance Company, Inc., Navigators Management Company, Societe Des Matieres Premieres Tropicales Pte Ltd (SMPT), Michelin North America Inc., HDI Global SE, AIG Europe SA, and Chubb European Group SE. ECF No. 74. Defendants CEVA Logistics Singapore Pte Ltd ("CEVA Singapore"), CEVA Freight LLC ("CEVA Freight"), Pyramid Lines Singapore Pte Ltd ("Pyramid"), and CEVA Logistics (Thailand) Ltd ("CEVA Thailand") (collectively, the "CEVA Defendants") timely filed an Opposition Memorandum. ECF No. 75. After seeking leave, Plaintiffs filed a Reply Memorandum. ECF No. 78. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 74) is GRANTED for the reasons stated herein.

## I.  BACKGROUND

This case arises from alleged water damage to two shipments of processed natural rubber. The Goodyear Tire & Rubber Company and Goodyear Orient Company (Private) Limited allege that, on September 20, 2021, CEVA Singapore, CEVA Freight, and Pyramid received in Indonesia

1

71,100 bales of processed natural rubber owned by them, and then on October 10, 2021, received another 37,440 bales in Thailand, for a total of 108,540 bales, all of which was insured by Navigators Insurance Company, Inc., and Navigators Management Company. ECF No. 28 at 2, 5. Similarly, Societe Des Matieres Premieres Tropicales Pte Ltd (SMPT) and Michelin North America Inc. allege that on September 20, 2021, CEVA Singapore, CEVA Thailand, CEVA Freight, and Pyramid received their shipment in Indonesia, which was insured by HDI Global SE, AIG Europe SA, and Chubb European Group SE. *Id.* at 2-3, 6. Plaintiffs allege all bales were delivered to the vessels in good order and condition, but arrived in New Orleans wet and damaged, which damage occurred during ocean transit before discharge and after unloading when they were stored outdoors and uncovered at the port of New Orleans from November 18, 2021, through November 21, 2021. *Id.* at 5-6.

Plaintiffs allege that the CEVA Defendants acted "as common or private carriers for hire, vessel charterers, and/or transportation intermediaries" for the shipments from Indonesia to New Orleans. *Id.* at 3-4. CEVA Singapore, CEVA Thailand, and/or Pyramid chartered the INTAN DAYA 7 as a feeder vessel to transport the cargo from Indonesia to Thailand, and the AMBER STAR to complete the transit of the cargo from Thailand to New Orleans. *Id.* at 3-5. Defendants allegedly hired Coastal, a stevedore and terminal operator, to receive and store the shipments upon its arrival in New Orleans. *Id.* at 4-5.

In response to Plaintiff's Complaint filed on November 17, 2022, the CEVA Defendants and Coastal Cargo Company, LLC filed Rule 12(b)(6) motions. ECF Nos. 17, 27. Plaintiffs filed an amended complaint in response to the motions to dismiss and the court dismissed the motions to dismiss as moot. ECF No. 28, 32. Defendants filed motions to dismiss with regard to the amended complaint, which the court denied on June 28, 2023. ECF Nos. 33, 34, 42. On August 24, 2023, the Court entered a scheduling order establishing a deadline of September 22, 2023, for

amending pleadings. ECF No. 71 at 1. Plaintiffs filed this motion for leave to file second amended complaint on September 20, 2023, thus within the deadline for amending pleadings. ECF No. 74.

Plaintiffs now seek leave to file a second amend complaint adding claims against a new but allegedly related party, CEVA Logistics Indonesia a.k.a. PT CEVA Freight Indonesia ("CEVA Indonesia"). ECF No. 74-1 at 3. The CEVA Defendants assert that Plaintiffs are actually seeking to add two new parties (CEVA Freight (Thailand) Ltd. and CEVA Indonesia), the amendment is futile because the claims are time-barred, Plaintiffs were aware of the existence of the two defendants when they filed the complaint but chose not to name them, and the new defendants did not receive timely notice of the claims. ECF No. 75 at 2 n.1, 4-6. The CEVA Defendants further argue that adding these new parties will cause delay. *Id.* at 7-8. In Reply, Plaintiffs argue the claim is not time-barred and will relate back under FED. R. CIV. P. 15(c) and leave should be freely granted in this case where this is no substantial reason to deny leave. ECF No. 78.

## II. APPLICABLE LAW AND ANALYSIS

Plaintiffs' request to amend is governed by Rule 15(a)(2), which provides that a party may amend its pleading only with either the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires.[1] This inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories

---

[1] FED. R. CIV. P. 15(a)(2). When a party seeks leave to amend after the established deadline, the motion is governed by the more stringent good cause requirements of FED. R. CIV. P. 16(b) before addressing the matter under Rule 15(a)'s more generous standard. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

seriatim.[2]  Although leave to amend is not automatic,[3] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[4]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[5]  Denial of leave to amend is reviewed for abuse of discretion,[6] but absent a "substantial reason," the court's discretion "'is not broad enough to permit denial'" of a request for leave to amend.[7]  A "district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility."[8]

## A.  Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[9]  However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[10]  At some point, plaintiff's delay can be

---

[2] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).
[3] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).
[4] *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)).
[5] *Gregory*, 634 F.2d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer* 751 F.3d at 367 (citation omitted); *see also Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).
[6] *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006) (citation omitted).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux,* 376 F.3d at 425 (5th Cir. 2004) (quoting *Stripling*, 234 F.3d at 872).
[7] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).
[8] *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[9] *See Smith*, 393 F.3d at 595 (stating that Rule 15(a) does not impose a time limit "'for permissive amendment'") (citation omitted); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires.").
[10] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).

procedurally fatal.[11]  In that situation plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect."[12]  Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[13]

The CEVA Defendants argue that Plaintiff delayed adding these two entities for ten months despite their being named on the bills of lading.  ECF No. 75 at 7-8.  Further, because Indonesia and Thailand are not parties to the Hague Convention, service could take several months, which would delay the matter.  *Id*.  Plaintiffs disagree that this amendment would cause undue delay.  ECF No. 78 at 10-11.  They argue that they raised the issue of which CEVA entity was the proper party months ago and sought to resolve that issue for three months.  *Id*. at 11.  Further, at the scheduling conference, the court and parties purposefully selected an October 2024 trial date to provide a lengthy pretrial period because Plaintiffs advised that it may be necessary to add additional parties.  *Id.*  Additionally, the new defendants could waive service under Rule 4(d) or the CEVA Defendants' counsel could accept service, as Plaintiffs allege was done for  the other CEVA Defendants.  *Id.*

Initially, Plaintiffs sought leave within the 30-day amendment period set forth in the governing scheduling order.  Further, given the underlying facts set forth herein, this Court has no basis to find that any delay in adding the new defendants prejudices the nonmoving parties or imposes unwarranted burdens on the court.  As such, there is no basis for finding "undue delay."

### B. <u>Bad Faith</u>

The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation,

---

[11] *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)).
[12] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citations omitted).
[13] *Mayeaux,* 376 F.3d 420, 427 (5th Cir. 2004) (citations omitted).

not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[14]

The CEVA Defendants do not argue bad faith nor is there any evidence that the request for leave to amend was made in bad faith, involves fraud, or is designed to mislead or deceive.

### C. Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[15] Plaintiffs have not been directed to respond to pleading deficiencies and failed to do so previously.

### D. Undue Prejudice

A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[16] Likewise, amendments that fundamentally alter the nature of the case are considered prejudicial.[17]

---

[14] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (citation omitted) (interpreting Louisiana law).

[15] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit further amendment after plaintiff had amended twice).

[16] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). *Cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

[17] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux*, 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew.").

Thus, the Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[18]

Defendants do not argue that amendment would require re-opening discovery or revisiting a dispositive motion that has been fully briefed or decided.

### E. Futility

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[19] The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[20] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[21] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[22]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit

---

[18] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).
[19] *Marucci Sports,* 751 F.3d at 378 (citing *Stripling,* 234 F.3d at 873).
[20] *Twombly*, 550 U.S. at 555.
[21] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[22] *Iqbal,* 556 U.S. at 678 (citation omitted).

7

the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[23]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[24]

The CEVA Defendants argue that amendment to add two new parties is futile because Plaintiffs' claim is subject to a one-year statute of limitations, and the amendment should not relate back to the original filing date. ECF No. 75 at 4-5 (citing 46 U.S.C. § 1303(6)). Plaintiffs argue that the amendment relates back, and thus, is not time-barred. ECF No. 78 at 8-9. If the proposed amendment asserts a time-barred claim, the amendment is futile unless it relates back to the original filing under Rule 15(c).[25] "If a claim asserted in an amended pleading relates back to the date of the original complaint and is thus not barred by limitations, then leave to amend should ordinarily be granted."[26]

### 1. Whether the Amendment Relates Back to the Original Complaint

Whether an amended complaint relates back to an original complaint against a new defendant for statute of limitation purposes is governed by Rule 15(c) of the Federal Rules of Civil

---

[23] *Id.,* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[24] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted). When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).
[25] *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).
[26] *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).

Procedure.  The purpose of Rule 15(c) is to balance the interests of the defendant protected by the statute of limitations with the preference for resolving disputes on their merits.[27]  Plaintiffs have the burden to demonstrate that an amended complaint relates back under Rule 15(c).[28]

> Rule 15(c) provides:
>
> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).  To relate back, the claim must arise from the same transaction or occurrence as the original pleading and the new party must have both received sufficient notice of the pendency of the action so as not to be prejudiced in preparing a defense and have known or should have known that but for a mistake of identity that party would have been named in the original pleading.[29]

---

[27] *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010) (citations omitted).
[28] *See Dodson v. Hillcrest Sec. Corp.*, Nos. 92–2353, 92–2381, 1996 WL 459770, at *10 (5th Cir. July 24, 1996) (citing *Crescent Towing & Salvage Co., Inc. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994) (party who has burden of proof on affirmative defense at trial has burden of proof on summary judgment); *cf. McGregor v. Louisiana State Univ. Bd. of Supervs.*, 3 F.3d 850, 865 (5th Cir.1993) (plaintiff had burden of proof on summary judgment to present facts supporting equitable estoppel of defendants' statute of limitations defense), *cert. denied*, 114 S.Ct. 1103 (1994), *superseded by statute on other grounds as stated in Wilson v. Navika Capital Grp., L.L.C.,* 663 F App'x 341 (5th Cir. 2016).
[29] *Sanders–Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010) (citation omitted);  *see also Krupski,* 560 U.S. at 552-54; *see also* FED. R. CIV. P. 15(c)(1)(C).

No one disputes that the amended claims arise out of the transaction or occurrence as that set forth in the original complaint. The dispute lies within Rule 15(c)(3)'s requirement that, within the Rule 4(m) period, the proposed new defendants received notice and knew or should have known that, but for a mistake, he claim would have been brought against it.

### a. Whether the Proposed Defendants Received Timely Notice of the Claim

Notice under Rule 15(c) does not require actual notice.[30] Service on the new party's agent will adequately notify the new party of the existence of the action.[31] Similarly, a new party sharing an "identity of interest" with the party originally served will be deemed to have received notice of the action under Rule 15(c)(1)(C).[32] A shared identity of interest exists when the parties' business operations or other activities are "so closely related ... that the institution of an action against one serves as notice of the litigation to the other."[33] A shared identity of interest is usually predicated on the intermingling of the parties' places of business, employees, and officers.[34] When a proposed new party is closely related to the existing defendant such that they can be deemed to share an "identity of interest," refusal to grant leave to amend would be "a denial of justice."[35] Notice may also be imputed to a new party through shared counsel.[36]

### b. Whether the Failure to Name the Proposed Defendants Resulted from Mistake

Although the CEVA Defendants argue that Plaintiffs knew about but intentionally chose not to name the proposed new defendants, Plaintiffs argue otherwise. Not until receipt of the CEVA Defendants' response to the First Amended Complaint, Plaintiffs argue, did they become aware that other entities may be "contracting parties" rather than the named defendant entities.

---

[30] *Sanders-Burns*, 594 F.3d at 378.
[31] *Kirk v. Cronvich*, 629 F.2d 404, 407 (5th Cir. 1980).
[32] *Jacobsen*, 133 F.3d at 320.
[33] *Id.* (quoting *Kirk*, 629 F.2d at 407).
[34] *See, e.g., Gifford v. Wichita Falls & S. Ry. Co.*, 224 F.2d 374, 375-76 (5th Cir. 1955) ("Both corporations were, from the beginning, aware of the pendency of this action. They officed together and had common employees.")
[35] *Id.* at 376–77.
[36] *Id.*

ECF No. 78 at 10.  Plaintiffs assert confusion as to which CEVA entities were the proper contract parties because the contract proposal identified CEVA Logistics Singapore Pte Ltd. at the top, but the bottom identified CEVA Logistics Thailand and CEVA Logistics Indonesia.  *Id.* at 4-6.  Although Plaintiffs sought to clarify which CEVA entities were the proper contract parties, defense counsel repeatedly failed to provide their position on whether these new entities were contracting parties.  *Id.* at 6.  Plaintiffs further argue that the new defendants were on notice of the claims given their close, interrelated corporate relationship with the other CEVA entities and the communications with counsel.  *Id.* at 6-8.

> The Fifth Circuit has explained:
>
> The classic example of mistake is misnomer; that is, when a plaintiff misnames or misidentifies a party in its pleadings but correctly serves that party. In these cases, relation back is appropriate because the defendant is already before the court. . . . In some cases a legal mistake can lead to misnomer, as when a plaintiff names an institutional defendant because of confusion as to whether an individual or an institutional defendant is the proper party, but the individual is properly served and, therefore, has notice of the mistake.  In contrast, a conscious choice to sue one party and not another does not constitute a mistake and is not a basis for relation back.[37]

As the Supreme Court also has explained, satisfaction of Rule 15(c)(1)(C)(ii) depends not on what the plaintiff knew or should have known, but on what the "prospective defendant knew or should have known."[38]  Plaintiff's knowledge is relevant only to the extent it "bears on the [prospective] defendant's understanding of whether the plaintiff made a mistake."[39]

While a plaintiff's deliberate choice to sue one defendant instead of another, when informed by a complete understanding of the facts giving rise to the claim, will foreclose relation back under Rule 15(c)(1)(C), plaintiff's mere knowledge of the existence of the proper defendant will not preclude the plaintiff's amendment from satisfying the requirements of Rule 15(c)(1)(C)(ii).[40]

---

[37] *Sanders–Burns*, 594 F.3d at 373 (citation omitted).
[38] *Krupski*, 560 U.S. at 548.
[39] *Id.*
[40] *Id.* at 549, 552.

Indeed, a plaintiff's misunderstanding about the status or identity of parties is the type mistake Rule 15(c) was intended to remedy.[41] At bottom, Rule 15(c)(1)(C)(ii)'s primary focus is on the prospective defendant's knowledge and whether the defendant knew or should have known of the plaintiff's mistake.[42] When the new defendant knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity, this requirement is satisfied.[43]

The CEVA Defendants' reliance on *Winzer v. Kaufman Cnty.*, 916 F.3d 464 (5th Cir. 2019), and *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir.1998), is misplaced. Those cases involved naming a "John Doe" defendant. With a John Doe defendant, the problem is that plaintiff does not know who the defendant is, not that the plaintiff makes a "mistake" in identifying the correct defendant.[44] Plaintiffs did not add a "John Doe" defendant; they named various CEVA entities. Further, this is not a situation where Plaintiffs, with a complete understanding of the facts giving rise to the claim, consciously chose not to name a party in the proceeding. Rather, Plaintiffs assert that the contract documents were ambiguous, and they thought they named the proper contracting parties up until the CEVA Defendants' response to the Amended Complaint suggested otherwise. Confusion regarding the status of the proposed new defendants is precisely the type of mistake that Rule 15(c) was designed to address.

2. **The Claims Against the New Defendants Are Not Futile**

The CEVA Defendants do not contest that the claims asserted in the second amended complaint arise out of the same conduct alleged in the original complaint. *See* FED. R. CIV. P. 15(c)(1)(B). On the second element, Plaintiff served the original defendants within the 90-day time

---

[41] *See id*. at 549–51 ("It is conceivable that ... litigants knew or reasonably should have known the identity of the proper defendant. . . . . Nonetheless, the Advisory Committee clearly meant their filings to qualify as mistakes under the Rule.").
[42] *Id.* at 548–49, 554–57.
[43] *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011) (citing FED. R. CIV. P. 15(c)).
[44] *Jacobsen*, 133 F.3d at 321; *Winzer*, 916 F.3d at 471.

period prescribed by Rule 4(m). *See* ECF No. 1 (complaint filed November 17, 2022); Nos. 10-13 (Waivers of Service signed by the CEVA Defendants). Given the alleged interrelatedness of the new parties and shared counsel (ECF No. 78 at 7), notice can also be inferred based on an identity in interest. As to the final element, although the new defendants were not named in the original complaint, if they were in fact the contracting parties, they knew or should have known that, but for Plaintiffs' mistake, they would have been named as the contracting party.

### III. CONCLUSION

Considering the relevant Rule 15(a) factors and the relationship back provisions of Rule 15(c), this Court cannot find that there is a "substantial reason" to deny Plaintiffs' request for leave to file a Second Amended Complaint. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 74) is GRANTED.

New Orleans, Louisiana, this __5th__ day of October, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE