UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE GOODYEAR TIRE & RUBBER
COMPANY, *et al.*

VERSUS

CEVA LOGISTICS SINGAPORE PTE
LTD, *et al.*

CIVIL ACTION

NO. 22-4561

SECTION M (2)

## ORDER & REASONS

Before the Court is a motion[1] by defendants CEVA Logistics Singapore Pte Ltd ("CEVA Singapore"), CEVA Freight LLC, Pyramid Lines Singapore Pte Ltd, and CEVA Logistics (Thailand) Ltd ("CEVA Logistics Thailand") (collectively, the "CEVA Defendants") for review of the magistrate judge's order[2] granting in part and denying in part the CEVA Defendants' motion for protective order.[3] Plaintiffs Goodyear Tire & Rubber Company ("Goodyear") and Michelin North America, Inc. ("Michelin")[4] respond in opposition,[5] as does defendant Coastal Cargo Company, LLC.[6] The CEVA Defendants reply in further support of their motion.[7]

Goodyear and Michelin contracted with CEVA Singapore and CEVA Logistics Thailand, respectively, for two shipments of processed natural rubber from Asia to New Orleans.[8] The

---

[1] R. Doc. 143.

[2] R. Doc. 141.

[3] R. Doc. 108. In the same order (R. Doc. 141), the magistrate judge also granted in part and denied in part two motions to compel. R. Docs. 111; 118. The CEVA Defendants only seek review of the portions of the order addressing their motion for protective order. R. Doc. 143 at 1 n.1.

[4] Plaintiffs Michelin, Societe Des Mathieres Premiers Tropicales Pte Ltd, HDI Global SE, AIG Europe SA, and Chubb European Group SE have settled their claims against all defendants in this action, so Michelin indicates that it will not move forward with the Rule 30(b)(6) depositions of the CEVA Defendants it noticed. R. Docs. 140; 146 at 1 n.1.

[5] R. Doc. 146.

[6] R. Doc. 147.

[7] R. Doc. 148.

[8] R. Docs. 146-3 at 5; 146-4 at 3.

plaintiffs brought suit against the CEVA Defendants,[9] seeking damages for alleged water damage to the rubber shipments.[10]  In the course of discovery, plaintiffs issued Rule 30(b)(6) deposition notices to the CEVA Defendants seeking information and documents from the noticed defendants as well as "CEVA Affiliates."[11]  The CEVA Defendants objected to the definition of "CEVA Affiliate" as "overly broad and not directed to the responding [d]efendant"[12] and sought a protective order from the magistrate judge "limiting the scope of the Rule 30(b)(6) Deposition Notices directed to each [CEVA Defendant]."[13]

The magistrate judge held that the standard for determining when information is "'reasonably available' for purposes of Rule 30(b)(6) [is whether] the corporate deponent either can secure the information from the related entity to meet its business needs or acted with it in the transaction that gave rise to the suit."[14]  Applying this standard, the magistrate judge found that the information of "CEVA Affiliates" CEVA Freight Thailand and CEVA Logistics Indonesia is reasonably available to defendants CEVA Singapore and CEVA Logistics Thailand.[15]  The CEVA Defendants now seek review of the magistrate judge's order.

---

[9] Plaintiffs subsequently amended their complaint to name two additional CEVA entities, CEVA Logistics Indonesia and CEVA Freight (Thailand), as defendants, though neither of these entities has been served.  R. Docs. 143-1 at 2 n.2; 146 at 4-5.

[10] *See* R. Doc. 1.

[11] R. Doc. 146-10 at 3.  According to plaintiffs' notice of depositions, "'CEVA AFFILIATE(S)' means any entity which is under common ownership or control as a subsidiary of CEVA Logistics AG or other common parent company, or any entity which is associated with, under common control with or otherwise related to CEVA Singapore through common stock ownership or common directors or officers, as defined in 46 C.F.R. § 532.3(e).  For the avoidance of doubt, Plaintiffs contend that the following companies were involved in the shipments that are the subject of this lawsuit, acted as the principals or agents of the deponent, and are sufficiently related to the deponent to require production of DOCUMENTS, ESI, or COMMUNICATIONS, and testimony based on information in the possession, custody or control of each: [CEVA Defendants], CEVA LOGISTICS INDONESIA a.k.a. PT CEVA FREIGHT INDONESIA, and non-parties CEVA Logistics Indonesia, CEVA Logistics Malaysia, CEVA Logistics (U.S.), Pyramid Lines Ltd. Hong Kong, CEVA Freight (Thailand) Ltd., and any other CEVA Logistics entity or CEVA Freight entity falling under the CEVA Logistics AG umbrella or other common parent, regardless of whether that entity is a party to this litigation."  *Id.*

[12] R. Doc. 146-12 at 2.

[13] R. Doc. 108-1 at 2.

[14] R. Doc. 141 at 27.

[15] *Id.* at 28-29.

Magistrate judges are empowered to "hear and determine" certain nondispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A). If a party is dissatisfied with a magistrate judge's ruling on a nondispositive motion, it may appeal to the district court. Fed. R. Civ. P. 72(a). When timely objections are raised, the district court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). The court reviews the magistrate judge's "factual findings under a clearly erroneous standard, while legal conclusions are reviewed *de novo.*" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quotations omitted). A factual "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

The CEVA Defendants have not demonstrated that the magistrate judge's thorough and well-supported order is either clearly erroneous or contrary to law. The magistrate judge correctly held that the standard for determining when information is "'reasonably available' for purposes of Rule 30(b)(6) [is whether] the corporate deponent either can secure the information from the related entity to meet its business needs or acted with it in the transaction that gave rise to the suit."[16] The magistrate judge then also properly evaluated "the specific relationship between [each] particular CEVA Defendant deponent and [its affiliates]"[17] under that standard and found that the information of CEVA Freight Thailand and CEVA Logistics Indonesia is reasonably available to defendants CEVA Singapore and CEVA Logistics Thailand.[18] The CEVA Defendants point to no new evidence or legal authority to refute the magistrate judge's exhaustive analysis. Instead, the CEVA Defendants inaccurately contend that the magistrate judge "relies on various

---

[16] *Id.* at 27.
[17] *Id.* at 26.
[18] *Id.* at 28.

non-binding and distinguishable cases outside of the Fifth Circuit"[19] and "disregards" two applicable decisions by courts in this district.[20]  The magistrate judge actually bottomed her ruling on the Fifth Circuit's decision in *Brazos River Authority v. GE Ionics*, which held that a Rule 30(b)(6) "deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, *or other sources*,"[21] and then determined the scope of the phrase "other sources" by looking to several district court decisions addressing the issue.[22] Furthermore, the magistrate judge directly addressed the two cases from the this district cited by the CEVA Defendants and properly determined that they were not relevant, as "[n]either … mentioned the 'reasonably available' standard explicitly specified in Rule 30(b)(6) nor … provide[d] any analysis for the decision [and] both cases were decided before the Fifth Circuit's *Brazos* decision."[23]

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that the magistrate judge's order is neither clearly erroneous nor contrary to law.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

Accordingly, for the foregoing reasons,

IT IS ORDERED that the CEVA Defendants' motion for review of the magistrate judge's order (R. Doc. 143) is DENIED, and the magistrate judge's order and reasons (R. Doc. 141) is upheld in all respects.

---

[19] R. Doc. 143-1 at 4.
[20] *Id.* at 6 -7 (citing *In re Torch*, 1996 WL 63091 (E.D. La. Feb. 12, 1996), and *Pamlab, L.L.C. v. Rite Aid Corp.*, 2005 WL 589573 (E.D. La. Mar. 3, 2005)).
[21] 469 F.3d 416, 433 (5th Cir. 2006) (emphasis added).
[22] *See, e.g.*, R. Doc. 141 at 21 n.83 (collecting cases).
[23] *Id.* at 25-26 (quotation at 26).

New Orleans, Louisiana, this 12th day of December, 2024.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE